Case 4:14-mc-01290   Document 6   Filed in TXSD on 01/31/17   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
January 31, 2017
David J. Bradley, Clerk

```
IN THE UNITED STATES DISTRICT COURT
   FOR THE SOUTHERN DISTRICT OF TEXAS
            HOUSTON DIVISION
                                §
HAROLD LANEY                    §    CIVIL ACTION: H-14-mc-01290
                                §
```

### ORDER OF DISMISSAL

Pending before the Court in the above referenced cause are a number of incomprehensible documents filed by *pro se* Plaintiff Harold Laney, who variously describes himself as "Harold of the Clan Laney," "the true American Paramount Bailor," "a U.S. Elector," "El Harold Laney," "an at Peace American Indian nation of one," etc. He names no defendant. Plaintiff has not moved to proceed *in forma pauperis,* and instrument 1, filed May 28, 2014, indicates that he has not paid the filing fee.

"Rule 12(b)(6) does not ordinarily allow dismissal based on the mere fact that a judge does not believe a complainant's factual allegations. Dismissal has nonetheless been found appropriate when the well-pleaded fats were clearly baseless because they are fanciful, fantastic or delusional." *Crawford v. U.S. Marshal Police City Marshal Dept.*, Civ. A. No. 14-cv-0512, 2014 WL 2041949, at *2 (W.D. La. May 15, 2014), *citing Gallop v. Cheney*, 642 F.3d 364 (2d Cir. 2011)(dismissing a complaint that set forth a fantastical alternative history of Sept. 11, 2011 terrorist attacks."). *See also DeGrazia v. FBI*, 316 Fed. Appx. 172, 173 (3d Cir. 2009)("A federal court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(6) when the allegations within the complaint

'are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion."), *quoting Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)("[A] substantial question [is] necessary to support jurisdiction.")(citing cases therein).  "When a plaintiff's complaint is facially frivolous and insubstantial, it is insufficient to invoke the jurisdiction of a federal court." *Dilworth v. Dallas County Community College Dist.*, 81 F.3d 616, 617 (5th Cir. 1996). *In accord Olivares v. Marin*, 555 F.2d 1192, 1195 (5th Cir. 1977); *Raymon v. Alvord Indep. Sch. Dist.*, 639 F.2d 257, 257 (5th Cir. 1981).  A court may dismiss a frivolous complaint. *Pope v. Mountcastle Mortg. Corp.*, Civ. A. No. 3-11-CV-1689-B, 2011 WL 4986927, at *1 (N.D. Tex. Oct. 18, 2011)(dismissing case where complaint is a "hodgepodge of incoherent ramblings"), *citing inter alia Fitzgerald v. First East Seventh Street Tenants*, 221 F.3d 362, 363-64 (2d Cir. 2000).

Accordingly, the Court

ORDERS that this case is DISMISSED for lack of subject matter jurisdiction.

**SIGNED** at Houston, Texas, this  31st  day of  January , 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE